David Jacobs (SBN 73545)
Phillip K. Antablin (SBN 273880)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: 310-556-8861
Facsimile: 310-553-2165
djacobs@ebglaw.com
pantablin@ebglaw.com

Attorneys for Plaintiff
MICHAEL S. SMITH, INC.

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>FRANK ROBERT MASTRONUZZI,<br><br>Debtor, | CASE NO: 18-42882-RLE13<br><br>Chapter 13<br><br>Adversary Complaint No. _____<br><br>**COMPLAINT FOR:**<br><br>**NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A) AND 11 U.S.C. §523(a)(2)(B)** |
| MICHAEL S. SMITH, INC.<br>Plaintiff,<br>vs.<br>FRANK ROBERT MASTRONUZZI,<br>Defendant, | |

### COMPLAINT FOR NONDISCHARGEABILITY OF DEBT

Plaintiff, Michael S. Smith, Inc. ("SMITH"), as Plaintiff herein, complains of Debtor and Defendant Frank Robert Mastronuzzi ("Debtor" or "MASTRONUZZI") as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 13 case of Frank Robert Mastronuzzi, Case No. 18-42882-RLE13, now pending in the United States Bankruptcy Court for the Northern District of California. The matter is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

**GENERAL ALLEGATIONS**

3. On or about June 22, 2011, Debtor executed a Promissory Note ("Note") in favor SMITH in the amount of $71,173.33 for money owed for services rendered by SMITH.

4. Paragraph 2 of the Note provides that:

> Payment From Sale of Real Estate. Promisor agrees that if Promisor sells, transfers or otherwise disposes of Promisor's real property located at 867 West Knoll Drive, West Hollywood, California 90069, or Promisor's interest in said real property, the proceeds of any such sale, transfer or other disposal in excess of any current mortgage in existence as of June 22, 2011 shall be used to the extent necessary to satisfy Promisor's obligations under the terms of this Note and to repay any other debts owed by Promisor to Payee.

5. To sufficiently satisfy SMITH's concerns regarding Debtor's ability to repay the balance of the Note, Debtor included paragraph 2 of the Note if he failed to pay the amount owed under the Note. Despite multiple opportunities to pay the amount owed under the Note, or to continue to make payments under the schedule in the Note, he failed to do so, and all parties knew if Debtor failed to pay the amount owed in the Note, SMITH would be looking to the property as a basis to provide the payment for the amount owed under the Note.

6. As a result of Debtor's failure to make the payments required under the Note, on October 1, 2018, SMITH filed a complaint against Debtor for Breach of Contract and Common Counts (Money Had and Received, Money Lent by Plaintiff, and Money Paid out by Plaintiff), in the Superior Court of Los Angeles – Santa Monica, Case No. SC129933.

7. On or about January 2, 2018, Debtor caused his voluntary petition under Chapter 13 of the Bankruptcy Code to be filed in the United States Bankruptcy Court Northern District of California, Case No. 18-42882-RLE.

8. On or about January 17, 2019, Debtor was questioned regarding the real property located at 867 West Knoll Drive, West Hollywood, California 90069 (the "Property") at the Meeting of Creditors. Debtor testified under oath that he no longer owned the Property as of 2011.

///

9. Based on this statement, SMITH is informed and believes that Debtor sold, transferred, or disposed of the Property prior to June 22, 2011, and falsely represented he had an interest in the Property at the time he executed the Note. Alternatively, SMITH is informed and believes that Debtor sold, transferred or otherwise disposed of the Property after June 11, 2011, and failed to use the proceeds to satisfy Debtor's obligations under the terms of the Note.

10. This action is timely brought.

### FIRST CLAIM FOR RELIEF

### (Nondischargeability against the Debtor Frank Robert Mastronuzzi - Pursuant to 11 U.S.C. §523(a)(2)(A))

11. Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 10, inclusive, as if set forth individually in this First Claim for Relief.

12. Prior to signing the Note, Debtor made the representation to SMITH that Debtor owned an interest in the real property located at 867 West Knoll Drive, West Hollywood, California 90069, and that the value of Debtor's interest exceeded the amount of money then owed by Debtor to Smith.

13. Debtor made the representation to SMITH that the Property was worth substantial value and if Debtor sold, transferred, or otherwise disposed of Debtor's interest in the Property, Debtor would have enough money to pay off the balance of the June 22, 2011 Promissory Note to SMITH. At the time these representations were made by Debtor, he intended that SMITH would rely upon those representations. Unknown to SMITH at the time, these representations made by Debtor were false, and Debtor had no intention of fulfilling his promise and agreement, at the time the representations were made.

14. Debtor made the representation to SMITH that the Property was worth substantial value and if Debtor sold, transferred, or otherwise disposed of Debtor's interest in the Property, Debtor would pay off the balance of the June 22, 2011 Promissory Note to SMITH. At the time these representations were made by Debtor, he intended that SMITH would rely upon those representations. Unknown to SMITH at the time, these representations made by Debtor were

false, and Debtor had no intention of fulfilling his promise and agreement, at the time the representations were made.

15. Upon information and belief, SMITH alleges that Debtor knew at the time of signing the Note that Debtor's interest in the Property was not at the value represented to SMITH, where Debtor would receive funds to pay off the balance of the Note if the Debtor sold, transferred, or otherwise disposed of his interest in the Property; and/or Debtor had no intention to use the proceeds from any sale, transfer, or other disposal of his interest in the Property to pay of the balance of the Note to SMITH.

16. Upon information and belief, SMITH alleges that Debtor made these false representations to SMITH with the intent and purpose of deceiving SMITH. At the time that Debtor made these false representations, Debtor knew that his representations were false.

17. SMITH relied on these representations and would not have agreed to the payment plan under the June 22, 2011 Promissory Note if not for the representations about the Property by Debtor. SMITH reasonably relied on these representations, and did not discovery the falsity thereof until on or about January 17, 2019.

18. SMITH has and continues to suffer damages as the proximate result of the representations by Debtor.

## SECOND CLAIM FOR RELIEF

### (Nondischargeability against the Debtor Frank Robert Mastronuzzi - Pursuant to 11 U.S.C. §523(a)(2)(B))

19. Plaintiff adopts, incorporate by reference, and alleges herein all of the allegations set forth in paragraph 1 through 18, inclusive, as if set forth individually in this Second Claim for Relief.

20. Debtor, in writing, made the representation to SMITH that Debtor owned an interest in the real property located at 867 West Knoll Drive, West Hollywood, California 90069.

21. Debtor, in writing, made the representation to SMITH that if Debtor sold, transferred, or otherwise disposed of Debtor's interest in the Property, Debtor would pay off the balance of the June 22, 2011 Promissory Note to SMITH. At the time these representations were

- 4 -
CLAIM FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO
11 U.S.C. §523(a)(2)(A) AND 11 U.S.C. §523(a)(2)(B)

Case: 18-42882    Doc# 23    Filed: 03/05/19    Entered: 03/05/19 11:31:44    Page 4 of 8

made by Debtor, he intended that SMITH would rely upon those representations. Unknown to SMITH at the time, these representations made by Debtor were false, and Debtor had no intention of fulfilling his promise and agreement, at the time the representations were made.

22. Upon information and belief, SMITH alleges that Debtor knew at the time of signing the Note that Debtor's interest in the Property was not at the value represented to SMITH, where Debtor would receive funds to pay off the balance of the Note if the Debtor sold, transferred, or otherwise disposed of his interest in the Property; and/or Debtor had no intention to use the proceeds from any sale, transfer, or other disposal of his interest in the Property to pay of the balance of the Note to SMITH.

23. Upon information and belief, SMITH alleges that Debtor made these false representations to SMITH with the intent and purpose of deceiving SMITH. At the time that Debtor made these false representations, Debtor knew that his representations were false.

24. SMITH relied on these representations and would not have agreed to the payment plan under the June 22, 2011 Promissory Note if not for the representations about the Property by Debtor. SMITH reasonably relied on these representations, and did not discovery the falsity thereof until on or about January 17, 2019.

25. SMITH has and continues to suffer damages as the proximate result of the representations by Debtor.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Debtor and Defendant Frank Robert Mastronuzzi as follows:

1. On its First Claim for Relief, for judgment against Debtor and Defendant Frank Robert Mastronuzzi, determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case and for judgment according to proof.

2. On its Second Claim for Relief, for judgment against Debtor and Defendant Frank Robert Mastronuzzi, determining that the debt owed by the Debtor to Plaintiff, is not dischargeable in his bankruptcy case and for judgment according to proof.

///

3. That Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.

DATED: March 4, 2019

EPSTEIN BECKER & GREEN, P.C.

By: /s/ David Jacobs
David Jacobs
Phillip K. Antablin

Attorneys for Plaintiff
MICHAEL S. SMITH, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 1925 Century Park East, Suite 500, Los Angeles, CA 90067.

3. I served copies of the following documents (specify the exact title of each document served):

**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A) AND 11 U.S.C. §523(a)(2)(B)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Sally J. Elkington<br>James A. Shepherd<br>ELKINGTON SHEPHERD LLP<br>409 13th Street, Tenth Floor<br>Oakland, CA 94612 | Attorneys for Debtor<br>FRANK ROBERT MASTRONUZZI |
| Martha G. Bronitsky<br>Chapter 13 Standing Trustee<br>United States Bankruptcy Court<br>22320 Foothill Boulevard #150<br>Hayward, CA 94541 | Trustee for Debtor<br>FRANK ROBERT MASTRONUZZI |

5. a. ☐ By personal service. I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery that was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (*specify one*).

    1. ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    2. ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

- 7 -
CLAIM FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO
11 U.S.C. §523(a)(2)(A) AND 11 U.S.C. §523(a)(2)(B)

Case: 18-42882    Doc# 23    Filed: 03/05/19    Entered: 03/05/19 11:31:44    Page 7 of 8

c. ☐ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this proof of service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on (*date*): March 4, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

March 4, 2019       Felecia J. McClendon       _(signature)_
DATE                (TYPE OR PRINT NAME)       (SIGNATURE OF DECLARANT)